UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL R. MOSIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV420-020 |
| | ) |
| GEORGIA DEPARTMENT OF CORRECTIONAL HEALTHCARE/AUGUSTA UNIVERSITY HOSPITAL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff has filed a letter requesting that a "precautionary affidavit" be filed "in camera and under seal." Doc. 12. The Court construes plaintiff's letter as a motion to seal, which it now **DENIES**.

Plaintiff's motion does not comply with the local rules for requesting documents to be sealed. Pursuant to Local Rule 79.7, a party seeking to have a document filed under seal must "present a motion setting forth the grounds why the matter presented should not be available for public inspection." S.D. Ga. L. Civ. R. 79.7(b). As sealing is generally disfavored, the motion must "rebut the presumption of the openness derived from the

First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." S.D. Ga. L. Civ. R. 79.7(d). Plaintiff has provided only a letter alleging that health providers have previously created false medical records and expressing his desire to document anomalies with a self-administered medications form. *See* doc. 12. Plaintiff's letter is not presented as a motion, making it difficult for the Court to even discern his request. *See In re Unsolicited Letters to Federal Judges*, 120 F.Supp.2d 1073, 1074 (S.D. Ga. 2000) ("Put another way, if a litigant seeks judicial action of any sort . . ., it must be contained within a motion arising from a properly filed lawsuit. It cannot be requested in a personal letter to a judge."); *see also* Fed. R. Civ. Pro. 7(b)(1) ("A request for a court order must be made by motion."). Moreover, his limited showing is inadequate to overcome the presumption that the Court's proceedings be public.

Even if plaintiff did comply with the rules, his request is not properly before the Court. His apparent goal is to use the affidavit to potentially impeach defendants, should his medical records differ from the treatment he describes. The Court is not a repository for discovery and has no role in collecting or organizing parties' evidence. It will not maintain evidence

for the convenience of plaintiff.

Accordingly, plaintiff's motion to seal is **DENIED**. Plaintiff is **DIRECTED** to notify the Court within 30 days of this Order whether he wishes to withdraw his affidavit or have it placed on the public docket. As the motion was not filed in accordance with the Local Rules for sealing, the affidavit and motion were originally filed on the open docket. The Clerk of Court is **DIRECTED** to provisionally seal the affidavit to allowed plaintiff to respond to this Order. If no response is received within the allotted time, the affidavit should be **UNSEALED**.

**SO ORDERED**, this 17th day of September, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA