# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL R. MOSIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-020 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONAL HEALTHCARE/ | ) | |
| AUGUSTA UNIVERSITY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Michael Mosier's 42 U.S.C. § 1983 Complaint against various prison entities related to his medical treatment and the facilities' grievance procedures. Doc. 1. The Court previously determined that plaintiff was entitled to proceed *in forma pauperis*, ordered him to return several forms, and determined that certain claims were due to be transferred to the Middle District of Georgia. Doc. 9. After some prompting, doc. 17, plaintiff returned the necessary forms, docs. 10, 18.

Typically, the court would proceed to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A. However, prior to undertaking that screening, plaintiff filed a notice with the Court indicating that he may

make some attempt to amend his complaint. Doc. 16. Moreover, it contains claims that were transferred to the Middle District and currently exceeds 100 pages. Thus, the complaint contains claims which are no longer before this Court, lacks clarity considering its length, and is likely to be amended (whether that amendment is warranted or not).[1]

The Court, therefore, **DIRECTS** plaintiff to file an amended complaint within thirty days from the date of this order, detailing the claims against the Georgia Department of Correctional Healthcare/Augusta University Hospital, Dr. Awe, Ms. Hall, and Ms. Brantley. Plaintiff's new complaint will supersede his current complaint; thus, he should not reference, or seek to incorporate by reference, his original complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes and original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 647 F. 2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes an replaces

---

[1] The Court is concerned that plaintiff may attempt to amend to include claims which are not yet exhausted. Plaintiff is warned that under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies *before* filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Thus, the Court will not consider claims which were unexhausted at the time of filing this complaint.

the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). Since the Court has not yet screened plaintiff's complaint, plaintiff's request for subpoenas, doc. 8, is **DISMISSED AS MOOT**.

    **SO ORDERED,** this <u>1st</u> day of March, 2021.

                                                    _____
                                                  CHRISTOPHER L. RAY
                                                  UNITED STATES MAGISTRATE JUDGE
                                                  SOUTHERN DISTRICT OF GEORGIA